IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 07-00206-01-CR-W-NKL |
| TERRY T. WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On December 18, 2007, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

### I.     BACKGROUND

On June 19, 2007, an indictment was returned charging defendant with one count of possessing ammunition after having been convicted of felonies, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. On December 18, 2007, defendant appeared before me with his counsel, Assistant Federal Public Defender Ronna Holloman-Hughes. The government was represented by Assistant United States Attorney Stefan Hughes. The proceedings were recorded and a transcript of the hearing was filed on December 19, 2007.

## II. AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. United States v. Torres, 258 F.3d at 795. Applying the Peretz holding and the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. Plea allocutions are

2

substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing United States v. Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting United States v. Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III.  FINDINGS OF FACT

1. On June 19, 2007, an indictment was returned charging defendant with one count of possessing ammunition after having been convicted of felonies, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant understood the charges in the indictment (Tr. at 4).

2. The statutory penalty is not more than ten years in prison, not more than $250,000 fine, not more than three years supervised release, and a $100 special assessment (Tr. at 3-4).

3. Defendant was advised of and understood the following:

    a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 4);

3

b. That he has the right to assistance of counsel throughout the trial (Tr. at 4-5);

c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 5);

d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 5-6);

e. That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 6);

f. That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 6-7); and

g. That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 7).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 7).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 8). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 8). Defendant stated that he understood (Tr. at 8).

6. Defense counsel had full access to the government's file and agreed that her review of the evidence and her independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 8-

4

9).

  7.  The government made the following factual basis for the crime to which defendant intends to plead guilty:

> [T]he evening of December 18th, 2006, at approximately 8:50 p.m., Kansas City, Missouri Police officers observed a 1986 Lincoln Town Car traveling south on Prospect Avenue, at 51st Street, Kansas City, Jackson County, Western District of Missouri. This Town Car was observed with its high beams on and refused to dim them. The officer later observed this vehicle make an erratic lane change. As a result, the officer conducted a traffic stop for this violation. Upon approaching the vehicle's driver's side, the officer requested the driver to roll down his window so he could talk to him. The driver, who was later identified as Orlando Williams, also known as Terry Williams, rolled down the window approximately an inch. The officer then asked for Williams's license and proof of insurance. At that time, the officer noted Williams's eyes were bloodshot and watery and the officer could smell the odor of alcoholic beverages coming from defendant's breath. Williams would not provide a license or insurance, so the officer requested a second car to respond to the location. During this time the officer asked the front-seat passenger and the only other occupant of the vehicle for identification. The passenger was identified as Darren Ferguson. Mr. Williams orally told the officer who he was and the officer then went to the passenger side of the vehicle to perform a computer check on both parties. While doing this and while still awaiting the second car, the officer observed Williams turn around, reach his right hand into the back seat and place it inside a shoe box. Mr. Williams was then observed pulling out a box of ammunition. The officer then immediately requested a secondary car to respond to his location, Code 1, while also advising the dispatcher that the driver was holding a box of ammunition. Mr. Williams was observed moving his left hand down beside his left leg and out of the officer's sight while still holding the box of ammunition in his right hand. The officer drew his weapon and ordered both parties to raise their hands and keep them there until the assisting car arrived. Mr. Williams was observed picking up the car keys with his left hand and began to attempt to place the keys in the ignition. Mr. Williams was again ordered to raise his hands and he finally complied by placing the ammunition down beside his right leg and raised both hands. Once the assisting car arrived, they arrested Mr. Williams and subjected him to the standard field sobriety tests. A criminal history check on Mr. Williams reveals he has two prior felony convictions for possession of a controlled substance and one felony conviction for tampering in the first degree. The 50 rounds of Remington .22-caliber ammunition were not manufactured within the state of Missouri. The ammunition was manufactured by Remington Arms Company in Bridgeport, Connecticut, or in Loan Oak, Arkansas.

(Tr. at 11-13).

8. Defendant was placed under oath (Tr. at 11) and admitted the following:

"Well, they [the ammunition] were in the car and you know, me and another guy was in the car, but I knew they were in there, so I take full responsibility." (Tr. at 10-11).

9. There is no plea agreement in this case (Tr. at 14).

10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 14).

11. Defendant is satisfied with the advice and guidance he has received from Ms. Holloman-Hughes (Tr. at 14). There is nothing she has done that defendant did not want her to do (Tr. at 14). There is nothing she has failed to do that defendant wanted her to do (Tr. at 14).

12. Defendant is 44 years of age (Tr. at 14). He finished 11th grade (Tr. at 15). Defendant has no mental health or substance abuse issues (Tr. at 15). Defendant was not under the influence of any drug or alcohol during the change-of-plea hearing (Tr. at 15).

13. Defendant tendered a plea of guilty (Tr. at 16).

## IV. ELEMENTS OF THE CHARGED OFFENSES

According to the Eighth Circuit Model Criminal Jury Instructions, the crime of possessing ammunition after having been convicted of a felony has three essential elements:

One, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

Two, the defendant thereafter knowingly possessed ammunition; and

Three, the ammunition was transported across a state line at some time during or before the defendant's possession of it.

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in this indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offense charged in the indictment.

                                                    /s/ *Robert E. Larsen*
                                                    ROBERT E. LARSEN
                                                    United States Magistrate Judge

Kansas City, Missouri
December 21, 2007